UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

BRYAN SEYMOUR,

     Plaintiff,

v.                                    Case No. 8:26-cv-575-VMC-TGW

COSTCO WHOLESALE CORPORATION,

     Defendant.

_____/

**ORDER**

This matter is before the Court pursuant to Defendant Costco Wholesale Corporation's Notice of Removal (Doc. # 1) and this Court's Order to Show Cause dated March 4, 2026. (Doc. # 5). Costco did not respond to the Order to Show Cause. For the reasons that follow, this case is remanded to state court for lack of subject matter jurisdiction.

**I.   Background**

On October 29, 2024, Plaintiff Bryan Seymour slipped and fell in the café at a Costco in Lutz. (Doc. # 1-4 at 6-7). On October 30, 2025, Mr. Seymour initiated this case in state court. (Id. at 6-8). Costco removed the case to this Court on March 3, 2026. (Doc. # 1).

On March 4, 2026, the Court entered an Order to Show Cause explaining that Costco had not established by a

1

preponderance of the evidence that the amount in controversy requirement was met. (Doc. # 5). The Court directed Costco to provide additional information establishing, if possible, that the amount in controversy requirement has been met by March 12, 2026. (Id.). Costco did not do so.

## II.  Discussion

This action was removed to this Court on the basis of diversity jurisdiction. (Doc. # 1). When a defendant premises jurisdiction upon diversity of citizenship, 28 U.S.C. § 1332(a) requires that "the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs." If the amount in controversy is not evident from the complaint, "the court should look to the notice of removal and may require evidence relevant to the amount in controversy at the time the case was removed." Williams v. Best Buy Co., 269 F.3d 1316, 1319 (11th Cir. 2001).

If "damages are unspecified, the removing party bears the burden of establishing the jurisdictional amount by a preponderance of the evidence." Lowery v. Ala. Power Co., 483 F.3d 1184, 1208 (11th Cir. 2007). Finally, courts "must be mindful that removal statutes are construed narrowly and that uncertainties are resolved in favor of remand." Mitchell v.

2

Tuesday Morning, Inc., No. 6:10-cv-1913-ACC-DAB, 2011 WL 2516239, at *5 (M.D. Fla. Apr. 26, 2011).

The Complaint does not allege a specific amount of damages. (Doc. # 1-4 at 6-8). Rather, in the Notice of Removal, Costco relies on three things to establish the amount in controversy: (1) the damages allegations in the complaint; (2) Mr. Seymour's admission that he is seeking future medical expenses in excess of $75,000; and (3) a pre-suit letter from July 2025, in which Mr. Seymour made a settlement demand of $667,736.92. (Doc. # 1 at ¶¶ 28-31).

Costco argues that the damages alleged in the Complaint establish the jurisdictional amount. (Doc. # 1 at ¶¶ 17-18, 31). Costco focuses on the Complaint's allegation that Mr. Seymour "suffered bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of earnings, loss of the ability to earn money, and aggravation of a previously existing condition." (Doc. # 1-4 at 8 ¶ 13). But the Court is not convinced that the amount in controversy requirement is met based on this vague allegation about Mr. Seymour's injury and pain and suffering, which is unsupported by facts specific to this case.

Next, Costco argues that Mr. Seymour's admission that his estimated future medical expenses exceed $75,000 demonstrates by a preponderance of the evidence that the jurisdictional amount has been met. (Doc. # 1 at ¶ 28). But "a merely conclusory response to a request for admission, standing alone, cannot constitute the basis for removal on diversity jurisdiction, as it lacks factual support for the contention." Pugliese v. Texas Roadhouse, Inc., No. 5:17-cv-392-PRL, 2017 WL 6276587, at *2 (M.D. Fla. Dec. 11, 2017) (internal quotation marks omitted); see also Bienvenue v. Wal-Mart Stores, E., LP, No. 8:13-cv-1331-VMC-TGW, 2013 WL 5912096, at *2 (M.D. Fla. June 19, 2013) (holding that the plaintiff's generic admission to seeking an excess of $75,000 in damages did not satisfy the defendant's burden of proof).

Finally, Costco relies on a pre-suit demand letter to establish that the amount in controversy exceeds the $75,000 jurisdictional threshold. However, demand letters do not automatically establish the amount in controversy. Lamb v. State Farm Fire Mut. Auto. Ins. Co., No. 3:10-cv-615-TJC-J_K, 2010 WL 6790539, at *2 (M.D. Fla. Nov. 5, 2010) (stating that demand letters and settlement offers "do not automatically establish the amount in controversy for purposes of diversity jurisdiction"). Rather, courts evaluate whether demand

4

letters "reflect puffing and posturing" or "whether they provide 'specific information to support the plaintiff's claim for damages.'" Id. (quoting Jackson v. Select Portfolio Servicing, Inc., 651 F. Supp. 2d 1279, 1281 (S.D. Ala. 2009)). Here, Costco represents that the pre-suit letter demanded $667,736.92. (Doc. # 1 at ¶ 29). However, the only concrete damages Mr. Seymour alleged to have incurred are past medical expenses of $9,507.27. (Id. at ¶ 10). All other categories of damages, including pain and suffering and future medical expenses, are pure speculation because no specific information is provided to support their calculation. Therefore, it appears to the Court that the demand letter is mere puffery.

In short, the Court is not convinced by a preponderance of the evidence that the amount in controversy exceeds $75,000. The Court gave Costco an opportunity to present further evidence demonstrating that the amount in controversy threshold has been met (Doc. # 5), but Costco did not do so. Therefore, Costco has not carried its burden of establishing this Court's diversity jurisdiction, and remand is required.

Accordingly, it is hereby

**ORDERED, ADJUDGED,** and **DECREED:**

Because the Court lacks subject matter jurisdiction, the Clerk is directed to **REMAND** this case to state court and, thereafter, **CLOSE** this case.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 16th day of March, 2026.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE